# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>PMC MARKETING CORP<br><br><br>Debtor(s) | CASE NO. 09-02048<br>Chapter 7<br><br>Adversary No. 12-00151 |
| NOREEN WISCOVITCH RENTAS<br>CHAPTER 7 TRUSTEE<br><br>Plaintiff<br>vs.<br><br>CREATIVE MEDICAL CORP<br><br>Defendants | **FILED & ENTERED ON 03/26/2014** |

## OPINION AND ORDER

Before the court is Defendant, Creative Medical Corporation's Second Motion to Dismiss [Dkt. No. 23] and Plaintiff/Trustee's Opposition to Defendant's Second Motion to Dismiss [Dkt. No. 28]. For the reasons set forth below, the Defendant's Second Motion to Dismiss is DENIED.

Debtor, PMC Marketing Corporation, filed a voluntary chapter 11 bankruptcy petition on March 18, 2009. On May 20, 2010, Debtor's bankruptcy case was converted to a chapter 7. Debtor's Chapter 7 Trustee/Plaintiff Noreen Wiscovitch Rentas, filed a complaint against Defendant on March 2, 2012. On July 6, 2012, Defendant filed a Motion to Dismiss and to vacate pre-trial hearings, which was denied by this Court on September 4, 2012. Defendant's Second Motion to Dismiss and

Plaintiff's Opposition followed.

The Motion to dismiss presently before the court hinges on the question of whether the Chapter 7 Trustee's sine die continuation of a Section 341 meeting can meet the closure requirements in time as mandated by the 11 U.S.C. § 546 statute of limitations. Defendant argues that the Trustee did not meet the Section 546 statute of limitations requirements because the Trustee never closed the case and thus is barred by the two (2) year statute of limitations. The Defendant contends that because the Trustee did not file an avoidance or obtain an extension of time on or before March 18, 2011, the Trustee's power to file an avoidance or obtain an extension is barred by the Section 546 statute of limitations.

This Court has previously addressed this question in In re PMC Mktg. Corp., 482 B.R. 74 (Bankr.D.P.R.2012).  In PMC Mktg. Corp., the arguments centered on the question of whether a meeting continued sine die can be deemed closed if another meeting is never convened.  In that Opinion, this Court answered the above question in the affirmative. This Court found that the case law in the First Circuit had uniformly concluded that a chapter 7 trustee may not hold the meeting open indefinitely or sine die as such a continuance would unduly prolong the time to object to the debtor's claimed exemptions. In re Newman, 428 B.R. 257 (1stCir.BAP 2010). See also In re Cushing, 401 B.R. 528 (1stCir.BAP 2009). The date and time of the adjourned meeting must be specified in the meeting minutes. Otherwise, the meeting will be deemed closed. In re Ramon, 2012 WL 1344353, at *2 (Bkrtcy.D.Puerto Rico April 17, 2012).

Accordingly, because the Trustee in this instant case did not hold or specify a subsequent meeting in her last meeting of the creditors, Defendant's argument has no merit and as such the Trustee's avoidance power is not barred by the Section 546 statute of limitations.

WHEREFORE, IT IS ORDERED that Defendant's Second Motion to Dismiss shall be, and it hereby is, DENIED.

SO ORDERED

San Juan, Puerto Rico, this 26th day of March, 2014.

Brian K. Tester
U.S. Bankruptcy Judge